UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DONNICA M. DELAMATER, | ) | CASE NO. C06-0538RSM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | AND AFFIRMING COMMISSIONER |
| Defendant. | ) ) | |

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's Objections to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Monica J. Benton, recommending that this Court deny plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

For the reasons set forth below, the Court ADOPTS the R&R to the extent that it finds that the ALJ properly evaluated the opinions of treating psychiatrist Beth Sandman, M.D., the plaintiff's credibility, the lay witness statements, and the ALJ's burden at Step Five.

The Court DECLINES TO ADOPT the R&R to the extent that it agrees with plaintiff's argument that the ALJ did not properly evaluate pertinent medical evidence.

ORDER
PAGE -1

## II. DISCUSSION

### A. Background

Judge Benton has set forth the relevant background of this case, as found in Parts I-VI of the R&R. (Dkt. #15 at 1-4). Accordingly, the Court incorporates those sections in this Order by reference. To the extent that any additional factual information is relevant to the instant motion, the Court will include that information in its discussion below.

### B. Reports of Treating Mental Health Professionals

Plaintiff argues that the ALJ did not give sufficient reasons for rejecting the reports of treating mental health professionals, including Ms. Lorena Lewis, MCMSW. Specifically, the plaintiff questions the ALJ's treatment of Exhibit 12F, which constitutes three questionnaires entitled Psychiatric Report, Psychiatric Evaluation, and Interrogatories. All three questionnaires were filled out and signed in full by Ms. Lewis; the second and third were also signed by Dr. Sandman. (Dkt. #9 at 207-215). The Court agrees with plaintiff. In discussing plaintiff's argument that the ALJ should have considered the social worker's questionnaire an acceptable medical source as the product of an interdisciplinary team, the Magistrate Judge found that plaintiff's social workers had primary responsibility for her counseling and therefore could not be considered an agent of Dr. Sandman. (Dkt. #15 at 6) (citing *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), which found that the nurse in that case was acting as the agent of the doctor.) The Magistrate Judge also cited *Finch v. Apfel*, 246 F.3d 673, **1 (9th Cir. 2000), which held that the ALJ in that case did not err in disregarding the social worker's report because the social worker was not the psychiatrist's agent and because the report did not contain the evaluation or signature of the psychiatrist. (Dkt. #15 at 6). In this case, however, both Dr. Sandman and the plaintiff's social workers are employed by one organization, Seattle Mental Health (SMH). Although the Magistrate Judge relies on the fact that the plaintiff only saw Dr. Sandman sixteen times from August 2003 through April 2005, Dr. Sandman's medical notes and the treatment notes from the

social workers are part of one file, all of which are located at SMH. Further, Dr. Sandman's medical notes state that she consulted with the clinician, which indicates that they were working together as a team. (Dkt. #9 at 216-310). Finally, Dr. Sandman did co-sign two parts of the questionnaire at issue, a fact that the ALJ notes in his summary of the Exhibit. (Dkt. #9 at 15).

While the Magistrate Judge notes that the ALJ rejected the Psychiatric Report because it was signed by Ms. Lewis alone, a non-acceptable medical source, in fact the ALJ rejected all three of the questionnaires. (Dkt. #9 at 19). The ALJ does not state that the Psychiatric Report alone is rejected because it is signed only by Ms. Lewis, rather he improperly rejects all three questionnaires finding that they are completed by a non-acceptable medical source to which he gives no weight because they provide little explanation of the basis for the opinions that they contain. (Dkt #9 at 19). However, the two latter questionnaires were in fact co-signed by Dr. Sandman, and should have been considered acceptable medical evidence.

However, even if all three questionnaires were considered acceptable medical evidence, they would only serve to reinforce the ALJ's decision that Dr. Sandman's opinion was unsupported by clinical findings. The Court finds that the questionnaires are contradictory to themselves and other medical evidence of record. For example, the first questionnaire states that the patient's symptoms have improved since treatment started and that she is compliant with medication, in contrast to her testimony and other medical opinions of record. (Dkt. #9 at 207). The first questionnaire also provides little explanation for the basis of the opinions given by checkmark. For example, although Ms. Lewis opines that the patient's medical conditions has or can be expected to last at least twelve months, the explanation accompanying this opinion is that "mental disorders are chronic in nature," a general statement which does not speak to the specific symptoms and illness experienced by the plaintiff. (Dkt. #9 at 208). In another example, although Ms. Lewis has indicated that the patient's condition has resulted in repeated episodes of decompensation, she fails to provide any examples of such episodes. (Dkt. #9 at 209). The second and third questionnaires provide no explanation at all as to the basis of the opinions given

ORDER
PAGE -3

by checkmark.

Therefore, the Court finds that, although the questionnaires prepared by Ms. Lewis and signed by Dr. Sandman are acceptable medical evidence, they are contradictory and unsupported by the other medical evidence of record.

### C. Plaintiff's Credibility

Plaintiff argues also that the ALJ failed to give clear and convincing reasons for rejecting her testimony. Although plaintiff questions the Magistrate Judge's apparent agreement with her argument that some of the reasons the ALJ gave for rejecting her testimony were not supported by substantial evidence, in fact, the Magistrate Judge correctly found that the ALJ did properly evaluate plaintiff's statements as not entirely credible. The Magistrate Judge cites the ALJ's explanations regarding plaintiff's reports of relatively serious problems as incongruous with the mild and moderate objective findings of treating and examining physicians, as well as the plaintiff's daily and social activities. She also cites plaintiff's apparent reluctance to take medication, and the plaintiff's view of work, all items that can undermine plaintiff's credibility. (Dkt. #9 at 9-10). Thus, the Court agrees with the Magistrate Judge that the ALJ did properly evaluate plaintiff's statements as not entirely credible.

### III. CONCLUSION

The Court has reviewed the entire record, including the Administrative Record, the memoranda of the parties, and the Report and Recommendation of United States Magistrate Judge Monica J. Benton. It is therefore ORDERED:

(1) The Court adopts the Report and Recommendation to the extent that it finds that the ALJ properly evaluated the opinions of treating psychiatrist Beth Sandman, M.D., the plaintiff's credibility, the lay witness statements, and the ALJ's burden at Step Five;

(2) For the reasons set forth above, the Court declines to adopt the portion of the

ORDER
PAGE -4

01         Report and Recommendation that finds that the ALJ properly evaluated pertinent
02         medical evidence;
03 (3)    The Court AFFIRMS the decision of the Commissioner of Social Security; and
04 (4)    The Court shall direct copies of this order to all counsel of record and to
05         Magistrate Judge Benton.
06 DATED this _16_ day of February, 2007.

                                              RICARDO S. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE